IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JULIE PATE**                                                                                                       **PLAINTIFF**

vs.                                          **Civil No. 6:20-cv-06051**

**ANDREW SAUL,**                                                                                              **DEFENDANT**
**Commissioner, Social Security Administration**

<u>**MEMORANDUM OPINION**</u>

Plaintiff, Julie Pate, brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   <u>Background</u>:**

Plaintiff protectively filed an application for DIB.  (Tr. 10)[1].  In her application, Plaintiff alleged being disabled due to endometrial cancer stage I, Ketraconuse, diabetes, high blood pressure, acid reflux, high triglycerides, C diff infection, and left-sided pain.  (Tr. 258).  Plaintiff alleged an onset date of September 19, 2016.  (Tr. 10).  Plaintiff's application was denied initially and again upon reconsideration.  *Id.*

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 13, These references are to the page number of the transcript itself not the ECF page number.

Following this, Plaintiff requested an administrative hearing, and the administrative hearing was held on April 24, 2019. (Tr. 46-83). At this hearing, Plaintiff was present, and represented by counsel Shannon Muse Carroll. *Id*. Plaintiff and Vocational Expert ("VE"), Teniqua Nance testified at the hearing. *Id*.

Following the administrative hearing, on August 21, 2019, the ALJ entered an unfavorable decision. (Tr. 10-24). In this decision, the ALJ found Plaintiff met the insured status of the Act through March 31, 2022. (Tr. 12, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since September 19, 2016. (Tr. 12, Finding 2).

The ALJ then determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine status post fusion with radiculopathy of the left lower extremity, diabetes mellitus, obesity, low vision of the right eye, anxiety, and irritable bowel syndrome. (Tr. 13, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 14, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 16-22). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id*. The ALJ also determined Plaintiff retained the RFC as follow:

> After careful consideration of the entire record, the undersigned finds that the claimant retains the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk to hours in a eight-hour workday; sit six hours in an eight-hour workday; and push and/or pull 10 pounds occasionally and less than 10 pounds frequently. She can occasionally stoop but only to reach to tabletop level. She cannot climb ladders or scaffolds. She can occasionally balance, crawl, crouch, or kneel. She can perform work that only requires monocular vision, for example, work that does not require full depth perception or full peripheral vision. She should avoid exposure to excessive

> airborne irritants or extreme humidity, and stay in an indoor air-conditioned environment. She can understand, remember, and carry out simple job instructions and make judgments or decisions on simple work related decisions. She can respond appropriately with coworkers and supervisors and can have incidental contact with the public. She can respond to minor changes in the usual work routine.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was not capable of performing her PRW. (Tr. 22, Finding 6). However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 23, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) clerical mailer with approximately 40,000 jobs in the nation, (2) document specialist with approximately 200,000 jobs in the nation, and (3) food and beverage order clerk with approximately 40,000 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled from September 19, 2016 through the date of the decision. (Tr. 24, Finding 11).

On May 8, 2020, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 17, 18. This case is now ready for decision.

**2.**   **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred (1) in failing to find Plaintiff met a Listing and (2) in the RFC determination. ECF No. 17, Pgs. 2-17. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 18.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of April 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE